KEVIN ROBSON (6976)
J. ANGUS EDWARDS (4563)
**JONES WALDO HOLBROOK & MCDONOUGH, P.C.**
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Tel.: (801) 521-3200
krobson@joneswaldo.com
aedwards@joneswaldo.com

*Attorneys for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRETT NIELSEN,<br><br>             Plaintiff,<br><br>v.<br><br><br>REMINGTON ARMS COMPANY, LLC, a Delaware Limited Liability Company; and DOES I-X,<br><br>             Defendants. | **NOTICE OF RELIEF FROM AUTOMATIC STAY AND REQUEST FOR SCHEDULING CONFERENCE**<br><br><br>Case No. 2:20-cv-00011-HCN-DBP<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Brett Nielsen, by and through his counsel, provides notice that the U.S.

Bankruptcy Court for the Northern District of Alabama, has provided Plaintiff relief from the

automatic stay in Defendant's Chapter 11 Bankruptcy Case, No. 20-81688CRJ11 which shall

become effective as stated below.

On July 27, 2020, Defendant and multiple subsidiaries filed voluntary petitions under

Chapter 11 of the Bankruptcy Code imposing the automatic stay of 11 U.S.C.§362 against

continued proceedings in this case.  On March 12, 2021, the Bankruptcy Court entered its

Findings of Fact, Conclusions of Law, and Order Modifying and Confirming the Joint Chapter

11 Plan of the Debtors, the Official Committee of Unsecured Creditors, and Exit Term Loan

Lenders (the "Confirmation Order")(ECF 1658).  A copy of the Confirmation Order is attached

as **Exhibit A**.  Pursuant to ¶ 93 of  the Confirmation Order, Plaintiff and other parties classified

as "Tort Claimants" under the confirmed Chapter 11 Plan  have a right to obtain automatic  relief from the automatic stay without further action of the bankruptcy court  to proceed with litigation nominally against Defendant  by filing the form of notice ("Stay Relief Notice") prescribed  by the Confirmation Order electing to proceed with litigation of their claim in the non-bankruptcy court in which the litigation was proceeding prior to the Debtors' filing of their bankruptcy petition.

The relief from stay triggered by filing of  a Stay Relief Notice is effective on the later of (i) 45 days after the date the Stay Relief Notice is filed or (ii) seven (7) days after the Effective Date (a defined term in the Confirmation Order) of the Plan.  Notice of the Effective Date of the Plan, March 31, 2021, was filed by the Plan Administrator of March 31, 2021 (ECF 1764). Plaintiff filed his Stay Relief Notice with the Bankruptcy Court on March 22, 2021 (ECF 1716), a copy of which is attached as **Exhibit B**.  Consequently, under the terms of ¶ 93 of the Confirmation Order, the automatic stay is modified to allow this continuation of this action nominally against the Defendant, a jointly administered debtor in the bankruptcy case, 45 days from the filing if Stay Relief Notice, or **May 6, 2021**.   Plaintiff will provide further notice to this Court when it believes the stay relief allowing this action to proceed become effective.

In ¶ 93, the Confirmation Order provides that, upon filing the Stay Relief Notice and stay relief going effective, Plaintiff is entitled to proceed with litigation against the Defendant and obtain a judgment (whether by default or otherwise), but any recovery shall only be made against Defendant's insurance assets.  In ¶ 94, the Confirmation Order prescribes that Defendant is not required to incur any fees, costs, or expenses to defend this action and that Defendant is authorized to allow a default judgment to be entered, but under no circumstances can money damages by sought from the Defendant other than from its insurance assets.  In ¶ 92, the

Confirmation Order states that Defendant's insurance carriers may agree to pay for the defense of Defendant, but the carriers are under no obligation to agree to such a request.

Because this lawsuit has been stayed for eight months, all of the deadlines in the Scheduling Order (Dkt. No. 13) have expired.  Thus, pursuant to Fed. R. Civ. P. 16, Plaintiff requests that this Court, upon receiving further notice from the Plaintiff that the stay relief triggered by the filing of the Stay Relief Notice has gone effective, schedule a pretrial conference to issue an amended scheduling order with deadlines for discovery, designation of experts, and filing motions.  A pretrial conference is necessary, since Defendant should confirm that insurance carriers will pay to defend Defendant or, if not, a hearing should be scheduled for Plaintiff to present evidence in support of entry of a default judgment against Defendant.

DATED this 10th day of May, 2021.

JONES WALDO HOLBROOK & MCDONOUGH, PC


 /s/ J. Angus Edwards
Kevin Robson
J. Angus Edwards
*Attorneys for Plaintiff*

1730992.2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2021, I caused a true and correct version of the foregoing to be filed with the Court's electronic filing system, which sent notice to the following:

Andrew A. Lothson
Benjamin D. Lothson
SWANSON MARTIN & BELL, LLP
330 N. Wabash Avenue, Ste. 3300
Chicago, IL 60611
alothson@smbtrials.com
blothson@smbtrials.com
*Attorneys for Defendant Remington Arms Company*


Rodney R. Parker
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place 11th Floor
PO Box 45000
Salt Lake City, UT 84145-5000
rparker@scmlaw.com
*Attorneys for Defendant Remington Arms Company*


<u>/s/ *J. Angus Edwards*</u>